UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| WEEKEND WARRIOR CLOTHING, LLC, | Case No.: 1:25-cv-00668-DRC |
| Plaintiff, | |
| | Judge:  Douglas R. Cole |
| v. | Magistrate Judge: Stephanie K. Bowman |
| GOOGLE, LLC, | |
| Defendant. | |

## PLAINTIFF WEEKEND WARRIOR'S SUPPLEMENTAL BRIEF IN SUPPORT OF OPPOSITION TO GOOGLE, LLC'S MOTION TO DISMISS

3141500

1

## I.      **<u>INTRODUCTION</u>**

The Supreme Court's recent decision in *Cox Communications, Inc. v. Sony Music Entertainment*, 146 S. Ct. 959, 968 (2026) ("*Cox*") does not change the outcome of Weekend Warrior's case against Google, LLC ("Google") for two reasons.

***First***, *Cox* does not change contributory infringement law. Rather, it merely reaffirms long-established precedent. Specifically, *Cox* reaffirms that contributory infringement attaches when one "induces" another to infringe by "actively encourag[ing] infringement through specific acts." *Cox*, 146 S. Ct. at 968. The Sixth Circuit case on which Weekend Warrior relies to show contributory infringement, *Korala*, aligns with *Cox. Compare id. with NCR Corp. v. Korala Assocs.*, 512 F.3d 807, 816 (6th Cir. 2008) ("Contributory infringement occurs when one, with knowledge of the infringing activity, induces, causes, or materially contributes to the infringing conduct of another").

***Second***, even if *Cox* has altered contributory infringement law, the allegations against Google satisfy *Cox*. Google does more than simply provide its users with an internet connection and nothing else, like Cox. Plaintiff alleges that Google takes active steps to ensure that infringing products, like those at issue here, are shown to the users most likely to buy the infringing products based on those users' data. ECF No. 1 (Compl.) Page ID 9–10 ¶¶ 25–29. Then, as WW alleges, Google fails to remove the infringing products despite possessing actual knowledge of the infringement. *Id*. ¶¶ 31–36. These allegations raise a plausible inference that Google knowingly operates its Shopping Ads program in this way to induce third-party infringers to use its program to preserve the substantial revenue it generates. At the very least, these allegations are sufficient to survive the liberal pleading requirements of Rule 8.

A recent copyright case against Twitter rejected that platform's motion for judgment on the pleadings based on *Cox. See Michael Grecco Prods. Inc. v. Twitter, Inc.*, 2026 WL 917606, at *5 n.5 (C.D. Cal. Mar. 31, 2026) ("*Grecco*"). In *Grecco*, plaintiff alleged—as Weekend Warrior alleges here—that the defendant did not honor valid DMCA takedown requests. *Id.* at *1. The court distinguished *Cox* and considered Twitter's knowledge of and refusal to act on plaintiff's

3141500

valid DMCA volitional conduct for direct infringement purposes. *See id.* at *4 ("the 2AC provides that Twitter was (1) on notice of the alleged infringing material; and (2) Twitter failed to address the DMCA takedown requests and remove the material from its platform[, which was] within Twitter's exercise of control, not third-party users); & at n.5 (refusing to dismiss contributory infringement claim under *Cox* because of Grecco's numerous DMCA takedown requests, which placed Twitter on notice, Twitter's lack of action to remove the infringements, and allegations that Twitter's infringement was willful). Google's infringing actions alleged in the Complaint here are more directly connected to infringement of Weekend Warrior's copyrights than Twitter's in *Grecco*.

Neither the facts nor the law of *Cox* alter the outcome of the motions before the Court.

## II.    ARGUMENT

### A.    *Cox* does not affect Plaintiff's claim for direct copyright infringement.

*Cox* has no bearing on direct infringement. *See* 146 S. Ct. at 964 ("This case concerns contributory liability"). As set out in Weekend Warrior's Complaint and opposition to Google's Motion to Dismiss, Weekend Warrior's principal theory of the case is that Google's actions directly infringe Weekend Warrior's designs. *See generally* ECF No. 1 (Compl.); ECF No. 19 (MTD Opp.). *Cox* does not affect this claim.

### B.    *Cox* does not overrule governing Sixth Circuit law on contributory infringement.

*Cox* does not change the law of contributory copyright infringement. The decision simply reinforces established precedent:

> **This Court has repeatedly made clear that mere knowledge that a service will be used to infringe is insufficient to establish the required intent to infringe**. . . . Mere indifferent supposition or knowledge on the part of the seller that the buyer will use the product unlawfully is not enough to make the seller liable for the buyer's conduct. . . . There is no precedent in the law of copyright for liability based only on the fact that the defendant has sold equipment with constructive knowledge of the fact its customers may use that equipment to make unauthorized copies of copyrighted material. . . . A court would be unable to find contributory infringement liability merely based on a failure to take affirmative steps to prevent infringement.

3141500                                          3

*Cox*, 146 S. Ct. at 968 (cleaned up, citations omitted, emphasis added). And just as *Cox* reiterates what cannot create contributory infringement, it also reiterates what can:

> The provider of a service is contributorily liable for the user's infringement only if it intended that the provided service be used for infringement. The intent required for contributory liability can be shown only if the party **induced** the infringement or the provided service is tailored to that infringement. **A provider induces infringement if it actively encourages infringement through specific acts**. . . . A service is tailored to infringement if it is not capable of substantial or commercially significant noninfringing uses.

*Id.* at 967 (cleaned up, citations omitted, emphasis added).

The Sixth Circuit case Weekend Warrior relied on in support of its motion and opposition, *NCR v. Korala*, is consistent with *Cox*. *Korala* set out the elements of contributory infringement in this Circuit: "Liability for contributory infringement derives from the defendant's relationship to the direct infringement. Contributory infringement occurs when one, with knowledge of the infringing activity, **induces**, causes, or materially contributes to the infringing conduct of another." *NCR Corp.*, 512 F.3d at 816 (emphasis added) (citing *Bridgeport Music, Inc. v. WB Music Corp.*, 508 F.3d 394, 398 (6th Cir. 2007)). *Korala* characterized these requirements as meaning, "That is, a plaintiff must allege: (1) direct copyright infringement [by] a third-party; (2) knowledge by the defendant that the third-party was directly infringing; and (3) [defendant's] material contribution to the infringement." *Id. Korala* thus groups "inducing" and "causing" another's infringement into the broader category of "materially contributing to" another's infringement sufficient to create contributory liability. In other words, before *Cox*, the Sixth Circuit permitted contributory liability when a defendant induced infringement, and considered inducement a type of material contribution. *Cox* simply confirms that inducement can, indeed, support contributory infringement. *Korala* remains good law. And Weekend Warrior's (alternative) theory of contributory liability remains viable post-*Cox*.

Google misconstrues Weekend Warrior's contributory liability theory. Google argues that Weekend Warrior asserts "Google should be liable merely for supplying a neutral service that can be misused for infringement and for failing to prevent that misuse effectively." ECF No. 23 PageID

3141500

4

345. That is not Weekend Warrior's assertion. First, Google is not merely a neutral service. Weekend Warrior repeatedly asserts in its Opposition to Google's Motion to Dismiss that "Google is no mere passive system owner; it is an active, essential participant in the infringement of the WW Designs" and "actively fosters copyright infringement by analyzing data and optimizing its search engine to push the infringing material to the top of a potential customer's search results." ECF No. 19 PageID 263, 267. In that regard, Google plays a far more active role in the alleged infringement than the ISP in *Cox*. Second, Google's wrongdoing is more than simple failure to prevent misuse effectively. Instead, Weekend Warrior alleges that "Google takes direct action that causes infringing material to be presented front and center on Google's website" and "has actual knowledge that its Shopping Ads platform displays infringing material." *Id*. at PageID 266. For the reasons explained in Weekend Warrior's Opposition brief, this satisfies the existing pleading requirements to sustain a claim for contributory copyright infringement.

The theory Weekend Warrior asserts—inducement—stands. As explained below, Weekend Warrior's allegations against Google establish the defendant induces infringement.

C. **Even if *Cox* altered the existing contributory copyright regime, Weekend Warrior's claim survives.**

The Supreme Court rightly found that "holding Cox liable merely for failing to terminate internet service to infringing accounts would expand secondary copyright liability beyond our precedents." *Cox*, *supra* at 968. Google argues that this holding defeats Plaintiff's claim because "Weekend Warrior alleges that Google is a contributory copyright infringer because 'Google knowingly and deliberately refuses to stop copyright infringement in its Shopping Ads program." ECF No. 23 (Google Supp. Brief) PageID 344. But Weekend Warrior does not seek to hold Google liable merely for failing to terminate known infringers. Weekend Warrior alleges much more.

More than just a simple internet connection, Weekend Warrior alleged that Google is directly involved in the promotion and marketing of infringing products and fails to remove the known infringing works because of the revenue they generate for Google. Specifically, Weekend Warrior alleged Google's Shopping Ads program generates *hundreds of billions* of dollars for the

3141500                                              5

company. ECF No. 1 (Compl.) PageID 9–10 ¶¶ 25, 29. Through that program, Google's customers pay to feature their products in Google-sponsored advertisements. *Id*. ¶ 26. Google takes the data that Merchants provide "to decide how and where to show your ads." *Id*. ¶ 27. Google publicly admits that it promotes the infringing products by pushing the products to those consumers most likely to buy them. *Id*. Thus, Google's conduct causes infringing material to be presented front and center on Google's website.

In *Cox*, the Court emphasized the absence of "evidence of express promotion, marketing, and intent to promote" infringement, and noted that the ISP took affirmative steps to discourage unlawful conduct by issuing warnings, suspending service, and terminating repeat infringers. 146 S. Ct. at 967. The ongoing promotion of identified infringing content that Weekend Warrior alleges supports a reasonable inference that Google's system is structured and operated in a way that accommodates and benefits from continued infringement. As argued in Weekend Warrior's Opposition to Google's Motion to Dismiss, a plausible explanation for Google's conduct is that it knowingly and deliberately refuses to stop third-party copyright infringement in its Shopping Ads program because of the revenue it generates. *Id*. PageID 13–14 ¶ 37–40. This is sufficient to satisfy Rule 8's pleading standards. *See Doe v. Michigan State Univ*., 989 F.3d 418, 425 (6th Cir. 2021) (A court must accept "all well-pleaded allegations in the complaint as true, and consider[ ] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.").

Google's alleged conduct is neither passive nor neutral. Unlike the ISP in *Cox*, which lacked meaningful visibility into user activity and took steps to curb infringement, Google had actual, repeated notice of specific infringing content and yet continued to display, prioritize, and profit from that content. ECF No. 1 (Compl.) PageID 4–5, 10–11, 15 ¶¶ 11, 31–35, 45–46. Further, despite Google's sizeable amount of daily users, Google is not merely a passive conduit for user activity; Google's Shopping Ads program actively organizes, curates, and promotes content through algorithmic ranking and advertising systems that determine what users see. *Id*. PageID 9 ¶ 26–27. Additionally, unlike *Cox*, where there was no demonstrated link between infringement

3141500

6

and revenue, Weekend Warrior plausibly alleges that Google's business model is tied to the continued display of infringing material. *Id*. PageID 9–10 ¶¶ 25, 29. By maintaining infringing advertisements and search results after receiving takedown requests, Google did not simply fail to act; it continued to profit from the infringement. *Id*.

Accordingly, even if *Cox* altered the existing contributory copyright infringement regime, it does not foreclose liability here. Instead, it provides a clear framework: a plaintiff must plausibly allege intentional facilitation of infringement through inducement. Weekend Warrior does so allege.

III. **Alternatively, the Court should grant leave to amend the Complaint.**

Under Rule 15(a)(2), a party may amend its pleading with leave of court, and the "court should freely give leave when justice so requires." Here, Weekend Warrior crafted its Complaint based on the law in the Sixth Circuit establishing contributory copyright liability where the defendant materially contributes to third-party infringement. *Korala*, 512 F.3d at 816 ("Contributory infringement occurs when one, with knowledge of the infringing activity, induces, causes, or materially contributes to the infringing conduct of another"). While Weekend Warrior posits that its Complaint satisfies the "inducement" standard set out in *Cox*, it would be contrary to justice to dismiss Plaintiff's Complaint due to a fundamental change in the law without giving Plaintiff the opportunity to amend its Complaint to comport with caselaw that did not exist at the time Plaintiff filed its Complaint.

IV. **CONCLUSION**

For these reasons, the Court should deny Google's motion to dismiss.


Dated: May 6, 2026                              Respectfully submitted,


                                                *s/Daniel Contreras*
                                                Keith J. Wesley, *pro hac vice forthcoming*
                                                George B. A. Laiolo, *pro hac vice*
                                                Daniel Contreras, *pro hac vice*


3141500                                          7

ELLIS GEORGE LLP
2121 Avenue of the Stars, 30th Floor
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697
Email: kwesley@ellisgeorge.com
Email: glaiolo@ellisgeorge.com
Email: dcontreras@ellisgeorge.com

Gary F. Franke, Trial Attorney
Ohio Bar No. 0029793
GARY F. FRANKE CO., LPA
201 E. Fifth Street, Suite 910
Cincinnati, Ohio 45202
Telephone: (513) 564-9222
Email:  gff@garyfrankelaw.com

*Attorneys for Plaintiff Weekend Warrior Clothing, LLC*

3141500

8

## CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2026 a true and correct copy of the foregoing

**PLAINTIFF WEEKEND WARRIOR'S SUPPLEMENTAL BRIEF IN SUPPORT OF**

**OPPOSITION TO GOOGLE, LLC'S MOTION TO DISMISS** was served via the United

States District Court CM/ECF system on all parties or persons requiring notice as follows:

| | |
|---|---|
| Anthony L. Osterlund<br>Alexander X. Shadley<br>Vorys, Sater, Seymour and Pease LLP<br>301 East 4th Street<br>Great American Tower, Suite 3500<br>Cincinnati, OH 45202<br>Phone: (513) 723-4678 (Osterlund)<br>Facsimile: (513) 723-4678 (Osterlund)<br>Phone: (513) 842-8170 (Shadley)<br>Facsimile: (513) 842-8170 (Shadley)<br>Email: alosterlund@vorys.com<br>Email: axshadley@vorys.com<br><br>Sarang V. Damle<br>Sarah Ann Tomkowiak<br>Roberto J. Borgert<br>Brent T.F. Murphy<br>Latham & Watkins LLP<br>555 Eleventh Street, NW, Suite 1000<br>Washington, D.C. 20004-1304<br>Phone: (202) 637-2200<br>Email: sy.damle@lw.com<br>Email: sarah.tomkowiak@lw.com<br>Email: roberto.borgert@lw.com<br>Email: brent.murphy@lw.com | Counsel for Defendants<br>GOOGLE LLC |

*s/Daniel Contreras*
Daniel Contreras

3141500