**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| WEEKEND WARRIOR CLOTHING, LLC, | |
| *Plaintiff*, | Case No. 1:25-cv-00668-DRC |
| v. | The Honorable Douglas R. Cole |
| GOOGLE, LLC, | **ORAL ARGUMENT REQUESTED** |
| *Defendant*. | |

**DEFENDANT GOOGLE LLC'S SUPPLEMENTAL REPLY BRIEF**
**IN SUPPORT OF MOTION TO DISMISS**

In its supplemental response brief, Weekend Warrior makes three arguments about the effect of the Supreme Court's decision in *Cox Communications, Inc. v. Sony Music Entertainment*, 146 S. Ct. 959 (2026):  First, that "*Cox* does not change the law of contributory copyright infringement."  Resp., ECF No. 24, at PageID 351.  Second, that "even if *Cox* altered the existing contributory copyright regime, Weekend Warrior's claim survives."  *Id.* at PageID 353.  And third, that in the alternative, it should be granted leave to amend to plead a contributory copyright infringement claim under *Cox*.  *Id.* at PageID 355.  Weekend Warrior is wrong on each count.

First, the claim that *Cox* "does not change the law" is simply incorrect.  *Id.* at PageID 351. The Sixth Circuit previously permitted a defendant to be held liable on a "material contribution" theory, simply for providing a service to that person knowing that they would use it to infringe. *See, e.g.*, *NCR Corp. v. Korala Assocs., Ltd.*, 512 F.3d 807, 816 (6th Cir. 2008).  That theory, which was distinct from inducement liability, is no longer viable after *Cox*.  *See* 146 S. Ct. at 967; *id.* at 969-70 (Sotomayor, J., concurring in the judgment).  Thus, *Korala*'s statements that contributory copyright infringement liability can be based on merely "caus[ing]" or "materially contribut[ing] to the infringing conduct of another" are no longer good law.  512 F.3d at 816.[1]

Second, Weekend Warrior's argument that its claims against Google survive even under the new standard announced in *Cox* does not withstand scrutiny.  As an initial matter, Weekend Warrior now attempts to disavow its earlier material contribution theory of infringement.  It argues that Google has "misconstrue[d] Weekend Warrior's contributory liability theory," which it asserts

---

[1] Weekend Warrior's reliance on *Michael Grecco Productions Inc. v. Twitter, Inc.*, is misplaced for the same reasons. *See* Resp., ECF No. 24, at PageID 350-51.  The court there found that the plaintiff "d[id] not adequately plead inducement," but that its contributory infringement claim could nonetheless proceed because it "ha[d] sufficiently pled *actual knowledge and material contribution*."  2026 WL 917606, at *5 (C.D. Cal. Mar. 31, 2026) (emphasis added).  That holding is plainly irreconcilable with *Cox*, and the court's reasoning distinguishing *Cox* is deeply flawed. *See id.* at *5 n.5.

is actually "inducement."  Resp., ECF No. 24, at PageID 352-53.[2]  But the words "induce" or "inducement" (or any of their variants) do not appear anywhere in Weekend Warrior's complaint. *See generally* Compl., ECF No. 1.  Instead, the complaint says Google should be contributorily liable for direct infringement because "Google has been and continues to be aware of—and has *contributed* and continues to *contribute* to—the infringement of Weekend Warrior's copyrights on its site."  *Id.* at PageID 15 (¶ 51) (emphasis added).  That plainly describes the knowledge-plus-material-contribution theory that the Supreme Court rejected in *Cox*.

And, contrary to Weekend Warrior's new arguments, the facts that Weekend Warrior alleged in its complaint do not support inducement liability in any event.  *Cf.* Resp., ECF No. 24, at Page ID 353-55.  Weekend Warrior does not dispute that Google never advertised, promoted, or marketed its Shopping platform for infringing uses, or communicated any message to users encouraging them to use Shopping for infringement.  *Compare id.* (failing to identify any such allegations), *with Cox*, 146 S. Ct. at 968 ("Sony provided no 'evidence of express promotion, marketing, and intent to promote' infringement." (citation omitted)); *see also* Suppl. Br., ECF No. 23, at PageID 342-43 (compiling cases).  Instead, it argues that Google induced infringement because "Google's Shopping Ads program actively organizes, curates, and promotes content through algorithmic ranking and advertising systems that determine what users see," "caus[ing] infringing material to be presented front and center on Google's website."  Resp., ECF No. 24, at PageID 354-55.[3]  But Weekend Warrior does not allege any facts to suggest that Google treats

---

[2] Weekend Warrior therefore does not dispute that Google cannot be liable for "tailoring" its service to infringement. *Cf. Cox*, 146 S. Ct. at 967-68.  Rightly so, given Shopping's substantial noninfringing uses.  *See* Mot., ECF No. 16, at PageID 229; Suppl. Br., ECF No. 23, at PageID 345-46.

[3] Weekend Warrior also argues that Google should be liable for inducement because "Google's business model is tied to the continued display of infringing material" and "it continued to profit from the infringement."  Resp., ECF No. 24, at PageID 353-55.  But, as Google has explained, that is irrelevant to contributory infringement.  *See* Reply, ECF No. 20, at PageID 288.  Indeed, although the respondents repeatedly emphasized Cox's profit motive to continue supplying its service to alleged infringers, *see* Brief for Respondents at *15-18, 21, 26-27, 37, *Cox Commc'ns, Inc. v. Sony Music*

advertisements for *infringing* products differently than those for *legitimate* products.  Thus, even accepting as true Weekend Warrior's allegation that Google algorithmically promotes advertisements based on Merchant-supplied data, that is true of *all advertisements*.  That is not inducement.  *See, e.g.*, *Cal. Beach Co. v. Exqline, Inc.*, 2020 WL 6544457, at *2 (N.D. Cal. Nov. 7, 2020) (rejecting inducement when "no aspect of [defendant]'s alleged *ordinary* provision of services to all comers lets us plausibly infer that [defendant] recommended, encouraged, promoted, or suggested infringement").

Third, Weekend Warrior asks in the alternative for leave to amend.  Resp., ECF No. 24, at PageID 355.  But it does not identify any different or additional facts it would allege if granted leave.  *Cf. Trickeration, Inc. v. JAG All., LLC*, 2025 WL 3442717, at *8 (N.D. Ohio Dec. 1, 2025) (observing a plaintiff must "do more than simply include a perfunctory, unexplained request for leave to amend").  That is because there are no facts that Weekend Warrior *could* allege that would plausibly state an inducement claim.  Its contributory infringement claim should be dismissed with prejudice.

Finally, Weekend Warrior falls back on the argument that *Cox* is irrelevant because its "principal theory" is that Google is directly liable.  Resp., ECF No. 24, at PageID 351.  But it cannot plead a direct infringement claim against Google on these facts.  *See* Mot., ECF No. 16, at PageID 219-25 (explaining Weekend Warrior's direct infringement claim fails under the server test and volitional conduct requirement).  The proper analytical framework is contributory infringement.  And under that framework, Weekend Warrior fails to state a claim.  In any event, regardless of whether the direct infringement claim survives, the contributory infringement claim must be dismissed.

---

*Ent.*, 146 S. Ct. 959 (2026) (No. 24-171), 2025 WL 2960179, the Court's opinion does not mention this as a relevant fact at all, *see generally Cox*, 146 S. Ct. at 967-69.

Dated:  May 13, 2026

Respectfully submitted,

*/s/ Anthony L. Osterlund*
Anthony L. Osterlund (71086)
  *Trial Attorney*
Alexander X. Shadley (0100801)
**VORYS, SATER, SEYMOUR**
  **and PEASE LLP**
Great American Tower
301 East Fourth Street, Suite 3500
Cincinnati, OH 45202
(513) 723-4000
  *alosterlund@vorys.com*
  *axshadley@vorys.com*

Sarang V. Damle (*pro hac vice*)
Sarah A. Tomkowiak (*pro hac vice*)
Roberto J. Borgert (*pro hac vice*)
Brent T.F. Murphy (*pro hac vice*)
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW
Suite 1000
Washington, DC 20004
(202) 637-2200
  *sy.damle@lw.com*
  *sarah.tomkowiak@lw.com*
  *roberto.borgert@lw.com*
  *brent.murphy@lw.com*

*Attorneys for Defendant Google LLC*

4

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing motion was filed electronically on May 13, 2026.  Notice of this filing will be sent to all parties through the Court's electronic filing system.

*/s/ Anthony L. Osterlund*
Anthony L. Osterlund