**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| WEEKEND WARRIOR CLOTHING, LLC, | Case No. 1:25-CV-00668-DRC |
| *Plaintiff,* | Judge: Douglas R. Cole |
| v. | Magistrate Judge: Stephanie K. Bowman |
| GOOGLE, LLC, | |
| *Defendant.* | |

## WEEKEND WARRIOR'S RESPONSE TO GOOGLE'S NOTICE OF SUPPLEMENTAL AUTHORITY

After four months and two Supreme Court decisions, the fundamental question that the Court has to answer to resolve Google, LLC's ("Google") Motion to Dismiss has not changed: Do the allegations in Plaintiff's Complaint raise a plausible inference that Google operates its Shopping Ads program in a way that knowingly induces third-party infringers to use its program? Under the liberal pleading standards of Rule 8, the answer to that question is yes. Google's Notice of Supplemental Authority does not change that.

The Supreme Court's decision in *Hikma Pharms. USA Inc. v. Amarin Pharma, Inc*., 146 S. Ct. 1391 (2026), like it's decision in *Cox Communications, Inc. v. Sony Music Entertainment*, 146 S. Ct. 959, 968 (2026), does not change the state of the law that existed at the time Google filed its Motion to Dismiss. *Hikma*, like Google's Notice, primarily relies on *Metro–Goldwyn–Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913 (2005) to hold that "[t]his case requires us to apply these ***familiar pleading standards*** to the third element of an induced-infringement claim: that the inducer took 'active steps . . . to encourage direct infringement.'" *Hikma*, 146 S. Ct. at 1399 (quoting *Grokster*, 545 U.S. at 936; emphasis added). It was those "familiar pleading standards"

1

that lead the Court to conclude that allegations of impressions that third-party infringers may have had were insufficient to adequately plead a claim of intentional inducement of patent infringement. *Id*. at 1403.

Plaintiff asks only that the Court apply those same "familiar pleading standards" here. As alleged in Plaintiff's Complaint, Google had actual notice of specific infringing content but continued to display, prioritize, and profit from that content. ECF No. 1 (Compl.) PageID 4–5, 10–11, 15 ¶¶ 11, 31–35, 45–46. Google's Shopping Ads program actively organizes, curates, and promotes content through algorithmic ranking and advertising systems that determine what users see. *Id*. PageID 9 ¶ 26–27. Moreover, by maintaining infringing advertisements and search results after receiving takedown requests, Google did not simply fail to act; it profited from the infringement. *Id*. PageID 9–10 ¶¶ 25, 29.

Accordingly, even after *Hikma*, the Court should deny Google's Motion to Dismiss.


Dated:  June 23, 2026

By: */s/Daniel Contreras*

George B. A. Laiolo, *Pro Hac Vice*
California Bar No. 329850
Daniel Contreras, , *Pro Hac Vice*
California Bar No. 329632
WATSTEIN TEREPKA, LLP
515 South Flower Street, 19th Floor
Los Angeles, California 90071
Phone: 415-762-7985
Email: glaiolo@wtlaw.com
        dcontreras@wtlaw.com

Attorneys *for Plaintiff Weekend Warrior Clothing, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the 23rd day of June 2026, I caused to be electronically filed a true and correct copy of the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Daniel Contreras*
Daniel Contreras
