UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| WEEKEND WARRIOR CLOTHING, LLC,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE, LLC,<br><br>Defendant. | Case No.: 1:25-cv-00668-DRC<br><br>Judge: Douglas R. Cole<br>Magistrate Judge: Stephanie K. Bowman |

**PLAINTIFF WEEKEND WARRIOR'S OPPOSITION TO GOOGLE, LLC'S MOTION FOR LEAVE TO FILE ADDITIONAL NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION TO DISMISS**

On July 16, 2026, defendant Google filed a motion for leave to file additional notice of supplemental authority in support of its motion to dismiss. (Dkt. 32.) According to Google, the Court should grant the motion because three out-of-circuit district court decisions allegedly "support[] Google's motion to dismiss Weekend Warrior's contributory copyright infringement claim." (*Id.* at 2.)

The Court should deny Google's motion. Courts throughout the country are in the process of interpreting and applying the U.S. Supreme Court's decision in *Cox*. Some courts, like the three identified by Google, have applied *Cox* in granting a motion to dismiss or motion for summary judgment. Others have applied *Cox* in rejecting attempts to dismiss contributory infringement claims. See, e.g., *Amazon Content Services LLC v. Weibley*, 2026 WL 1683119, at **6-9 (M.D. Pa. June 10, 2026) (granting motion for default judgment as to contributory infringement claim because, in part, the defendant offered services intended to promote the infringing works); *Strike 3 Holdings, LLC v. Meta Platforms, Inc.*, __ F. Supp. 3d __, 2026 WL 1697633, at **8-9 (N.D. Cal. June 11, 2026) (denying motion to dismiss contributory infringement claims because defendant "took active steps to encourage torrenting by implementing an algorithm and establishing VPCs – tools tailored to infringe copyright works using BitTorrent"); *Nazemian v. Nvidia Corp.*, 2026 WL 1229583, at *1 (N.D. Cal. May 5, 2026) (denying motion to dismiss contributory copyright claim based on NVIDIA's inducement of users to infringe by providing tools to download infringing copyrights).

Plaintiff believes (a) its factual allegations are more similar to those that have withstood motions to dismiss and related challenges because Google is not a mere passive intermediary (like a cable provider) but an active participant in the infringement (like an advertising agency who works with and encourages the infringer); (b) the only decision cited by Google at the motion to dismiss stage (*Lee*) was filed by a pro se litigant, addresses conclusory and distinguishable allegations, and thus is of negligible value; and (c) the Court should permit further evidentiary exploration through discovery and then revisit the issue on a full and fair

record.[1] However, there is no need to engage in supplemental briefing every time a district court decision applying *Cox* is issued, and thus the motion for leave should be denied.

Dated: August 3, 2026

Respectfully submitted,

*s/Keith J. Wesley*

Keith J. Wesley, *pro hac vice*
California Bar No. 229276
**GEORGE LLP**
2121 Avenue of the Stars, 30th Floor
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697
Email: kwesley@georgellp.com

Gary F. Franke, Trial Attorney
Ohio Bar No. 0029793
**GARY F. FRANKE CO., LPA**
201 E. Fifth Street, Suite 910
Cincinnati, Ohio 45202
Telephone: (513) 564-9222
Email: gff@garyfrankelaw.com

*Attorneys for Plaintiff Weekend Warrior Clothing, LLC*

[1] Alternatively, because Plaintiff has not had an opportunity to amend the complaint, Plaintiff should at minimum be provided that opportunity. Additional investigation, even without the assistance of discovery in litigation, has revealed a larger-scale pattern and practice of Google's Shopping Ads platform inducing copyright infringement. See, e.g., *Cengage Learning, Inc., et al. v. Google LLC*, Southern District of New York Case No. 24-cv-04274-JLR-BCM, Dkt. 38 (alleging in detail Google's "creation of each Shopping Ad", "deciding when and where to display" the ad based on Google's "evaluation of the website the ad points to" and banning of legitimate, non-infringing sellers but endorsement of ads from pirate sellers). *Cox* ensures "a company is not liable as a copyright infringer for merely providing a service to the general public with knowledge that it will be used by some to infringe copyrights." *Cox Communications, Inc. v. Sony Music Entertainment*, 146 S. Ct. 959, 964 (2026). *Cox* does not insulate from liability a defendant who actively works with the infringer to display and promote specific infringing material that the defendant knows is infringing and has the power to stop – i.e., a defendant that actively induces or encourages infringement. *Id.* at 968.

## CERTIFICATE OF SERVICE

I hereby certify that on August 3, 2026 a true and correct copy of the foregoing **PLAINTIFF WEEKEND WARRIOR'S OPPOSITION TO GOOGLE, LLC'S MOTION FOR LEAVE TO FILE ADDITIONAL NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION TO DISMISS** was served via the United States District Court CM/ECF system on all parties or persons requiring notice as follows:

| | |
|---|---|
| Anthony L. Osterlund<br>Alexander X. Shadley<br>Vorys, Sater, Seymour and Pease LLP<br>301 East 4th Street<br>Great American Tower, Suite 3500<br>Cincinnati, OH 45202<br>Phone: (513) 723-4678 (Osterlund)<br>Facsimile: (513) 723-4678 (Osterlund)<br>Phone: (513) 842-8170 (Shadley)<br>Facsimile: (513) 842-8170 (Shadley)<br>Email: alosterlund@vorys.com<br>Email: axshadley@vorys.com<br><br>Sarang V. Damle<br>Sarah Ann Tomkowiak<br>Roberto J. Borgert<br>Brent T.F. Murphy<br>Latham & Watkins LLP<br>555 Eleventh Street, NW, Suite 1000<br>Washington, D.C. 20004-1304<br>Phone: (202) 637-2200<br>Email: sy.damle@lw.com<br>Email: sarah.tomkowiak@lw.com<br>Email: roberto.borgert@lw.com<br>Email: brent.murphy@lw.com | Counsel for Defendants<br>GOOGLE LLC |

*s/Keith J. Wesley*
Keith J. Wesley